GRANOVSKY & SUNDARESH

Benjamin Rudolph Delson    delson@g-s-law.com

**VIA ECF**

Honorable Solomon Oliver, Jr.
Carl B. Stokes U.S. Court House
801 West Superior Avenue
Cleveland, Ohio 44113

April 8, 2022

**RE:        Carmichael v. Ram Jack Ohio, 21-CV-01961**

Dear Judge Oliver,

We represent the Plaintiff in this matter.  On March 29, we wrote to inform the Court that the parties had reached a proposed settlement of all claims in this matter, including Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

As you know and as discussed below, settlements of FLSA claims require approval of the Court before they may be finalized.  We write jointly with counsel for the Defendants to seek Your Honor's approval of the proposed Settlement Agreement, attached as Exhibit A to the Declaration of Benjamin R. Delson dated April 8, 2022 ("Delson Decl.").   The parties believe that the Settlement Agreement is fair, reasonable and in the parties' respective best interests.

**<u>Plaintiff's Factual Allegations</u>**

Plaintiff commenced this action as a putative collective and class action, alleging violations of the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").  Plaintiff alleged that, while he was in their employment, Defendants failed to keep appropriate records of his hours worked, failed to pay him for all hours worked (including by not paying him for certain hours spent riding in Defendants' vehicles to and from worksites), and failed to pay him time-and-a-half when he worked overtime hours.  *See, e.g.,* Complaint, Docket No. 1, ¶¶45-53.

48 Wall Street  |  11th Floor   |  New York, NY 10005  |  646-524-6001
600 Superior Avenue East  |  Suite 1300  |  Cleveland, OH 44114  |  216-600-7994
www.g-s-law.com

**Defendants' Factual Allegations**

Defendants wholly disputed Plaintiff's allegations, and forcefully asserted that they have always complied with all applicable laws and regulations.  In particular, Defendants asserted that Plaintiff has greatly exaggerated both the total weeks and the total hours he worked, and that he was paid in full for every hour that he did work.  Defendants also asserted counterclaims against Plaintiff, including for damage allegedly caused to Defendants' property by Plaintiff.  *See, e.g.,* Answer, Docket No. 8, at p. 9, ¶¶ 3-6.

**The Settlement Terms**

In his initial disclosures, Plaintiff estimated that his unpaid wages were approximately $22,500.  Defendants estimated that any underpayment was far lower, if not indeed zero.  (Defendants also asserted counterclaims for damage to their property.)

Both parties' damages estimates were complicated by Plaintiff's allegation of significant off-the-books cash payments to Plaintiff by Defendants (for which no good records exist), which Defendants denied.

The Settlement Agreement provides for Defendants to pay a total of $17,152 in settlement of all claims, consisting of $11,004 paid to Plaintiff over six months, $5,496 paid to Plaintiff's counsel as attorney's fees over six months, and $652 paid to Plaintiff's counsel to reimburse Plaintiff's court costs in this matter.

**Standards for Approval of FLSA Settlements**

It is well-settled that employees and employers may settle private lawsuits for compensation due under the FLSA pursuant to a judicially supervised stipulated settlement.  *See, e.g., Medovich v. Durst Roofing & Siding, LLC,* No. 21-cv-1020, 2021 U.S. Dist. LEXIS 193549, at *3-*5 (N.D. Ohio, Oct. 7, 2021); *Haynes v. Beachwood Cinema, LLC,* No. 20-cv-0003, 2020 U.S. Dist. LEXIS 101270, at *2-*3, (N.D. Ohio, June 10, 2020); *Hoiland v. NFM/Welding Eng'rs, Inc.*, No. 19-cv-2112, 2020 U.S. Dist. LEXIS 63094, at *2-*3 (N.D. Ohio, April 10, 2020)

> In reviewing the settlement of a plaintiff's FLSA claims, the district court must ensure that the parties are not, via settlement of the claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime. The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable.

*Medovich*, 2021 U.S. Dist. LEXIS 193549, at *4-*5 (internal citations and quotations omitted).

## The Settlement Should Be Approved

Here, the parties have differing opinions regarding the merits of Plaintiff's claims as well as the extent of Plaintiff's damages. However, in the interest of compromise and to prevent further costly and time-consuming litigation, the parties agree that the proposed settlement is fair and reasonable.

***There Is a Bona Fide Dispute, and the Settlement Agreement Was Reached Through Arms-Length Negotiations:*** In reaching this agreement, both parties have been represented by experienced counsel: Lead counsel for the Plaintiff, Benjamin Rudolph Delson, has been practicing law since 2003, and lead counsel for the Defendants, Brendan Mewhinney, since 2012. Prior to this action being filed, the parties engaged in extensive discussions, including through counsel, trying and failing to reach an amicable resolution after Plaintiff left Defendants' employment. After the lawsuit was filed, the parties have vigorously contested the facts, and have engaged in months' long negotiations concerning the possibility of an agreed resolution.

***Further Litigation Would Be Expensive and Time-Consuming:*** This action was commenced as a putative collective action under 29 U.S.C. §216(b) and as a putative class action under Rule 23. Therefore, if this matter were not to settle, in addition to the expense of discovery, summary judgment motions, and trial, the parties faced the time and risks involved in litigating the issues of whether Plaintiff was "similarly

situated" to other employees, as would be necessary to establish potential and final certification. By resolving this matter now, the parties avoid the risks and expenses of such further litigation.

**The Parties Engaged In Sufficient Discovery to Permit A Reasonable Estimate of Damages:** While discovery was still at an early stage at the time settlement was reached, Plaintiff had the opportunity to review all of Defendants' records of his hours worked, which permitted him to refine the damages estimates made in his initial disclosures. Counsel for Plaintiff also had the opportunity to speak with witnesses informally, and to assess the difficulty and expense of obtaining electronic records (including telephonic GPS records) should the parties proceed with discovery.

**The Settlement Is Reasonable In Light of the Disputed Merits:** Although Plaintiff was confident that he could succeed on all of the aforementioned claims, Plaintiff recognized the risks—including the very substantial risk that a jury would not credit his memory as to the hours he worked. Because the settlement provides for Plaintiff to receive a substantial percentage of his estimate of his maximum unpaid wages, Plaintiff ultimately believed that settlement was in his best interest. In deciding to settle, Plaintiff also took into account Defendants' financial inability to withstand a larger judgment should Plaintiff have prevailed at trial.

**The Public Interest Is Served By Settlement:** By settling this matter early, the parties serve the public interest by conserving judicial resources. Also, although this action was commenced as a putative collective action under 29 U.S.C. §216(b) and putative class action under Rule 23 and is settling before any motion for conditional or final certification, the Settlement Agreement will be a matter of public record, which serves the public interest in that Defendants' other employees will be able to research the nature of the dispute and its resolution.

**The Requested Attorney's Fees Are Reasonable:** The attorneys fees provided for by the Settlement Agreement, $5,496, represent one-third of the total settlement amount after costs. *See* Delson Decl. ¶¶ 3-6.

As of March 31, 2022, the lead attorney for Mr. Carmichael, Benjamin Rudolph Delson of Granovsky & Sundaresh PLLC, had spent approximately 40.2 hours on this matter, including both pre-litigation investigations and litigating the case through settlement. *See* Delson Decl., ¶ 4. Considered on an hourly basis, the attorney's fees provided for by the Settlement Agreement would therefore represent compensation

of about $137.50 per hour for Mr. Carmichael's attorneys.   By way of comparison, Mr. Delson's normal hourly rate is $380/hour.  *See* Delson Decl., ¶ 5.

---

The parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve the Settlement Agreement. We thank the Court for its time and consideration.  Counsel for both parties remain available should Your Honor require additional information in connection with this submission.

Respectfully submitted,

*/s/ Benjamin Rudolph Delson*          */s/ Brendan M. Mewhinney*

Benjamin Rudolph Delson              Brendan M. Mewhinney
Granovsky & Sundaresh PLLC           Henderson, Schmidlin & McGarry Co., LPA
600 Superior Avenue East, Suite 1300 840 Brainard Road
Cleveland, Ohio 44144                Highland Heights, OH 44143
(216) 600-7994                       (440) 720-0379

*Attorneys for Plaintiff*             *Attorneys for Defendants*