# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is entered into effective _____3/23/2022_____, 2022, by and between George Carmichael ("Carmichael"), on the one hand, and Ram Jack Ohio, LLC and Richard "Skip" Follett ("Ram Jack"), on the other hand. Carmichael and Ram Jack shall be referred to collectively as the "Parties."

WHEREAS, Carmichael was previously employed by Ram Jack; and

WHEREAS, disputes have arisen between Carmichael and Ram Jack regarding the circumstances related to payment of wages made to Carmichael by Ram Jack during Carmichael's employment which Ram Jack has expressly denied; and

WHEREAS, Carmichael filed litigation in the United States District Court, Northern District of Ohio (the "Court") styled <u>George Carmichael v. Ram Jack Ohio, LLC, et al.</u>, Case No. 1:21-CV-1961 (the "Litigation"); and

WHEREAS, the Parties would like to resolve all disputes by and between each other, including, but not limited to, the claims alleged in the Litigation;

NOW, THEREFORE, in consideration of the mutual promises, agreements, covenants and representations contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Payment By Ram Jack.** Upon receipt of this Agreement executed by Carmichael, Ram Jack will cause $16,500.00 to be paid to Carmichael pursuant to the following installments:

    i. $2,750.00 payable monthly on or before the 20th day of each month, with the first installment to be paid by June 20, 2022 and with the final installment to be

paid by November 20, 2022. Each such installment shall be delivered to Granovsky & Sundaresh PLLC, 600 Superior Avenue East, Suite 1300, Cleveland OH 44114, and shall consist of two checks: (a) one check in the amount of $1834.00 (less withholdings) payable to George Carmichael and reportable on a Form W2, and (b) one check in the amount of $916.00 payable Granovsky & Sundaresh PLLC, representing Carmichael's attorney's fees in this matter and reportable on a Form 1099. Carmichael acknowledges and agrees that he is solely and entirely responsible for payment and discharge of any additional federal, state, and/or local taxes, if any, that may, at any time, be found to be due upon or as a result of the payment(s) provided to him hereunder.

   ii.  Costs in the amount of $652, to be payable to Granovsky & Sundaresh PLLC by June 20, 2022.

Carmichael shall provide a Form W4 and Granovsky & Sundaresh PLLC shall provide a Form W9 in connection with these payments.

  2.  **Dismissal of Litigation.** Upon receipt of this Agreement executed by Ram Jack, Carmichael shall notify the Court of this Agreement, and shall promptly move the Court to approve the Agreement and dismiss the Litigation against Ram Jack with prejudice. Ram Jack shall not oppose that motion. The Parties acknowledge that this Agreement shall be publicly filed in connection with that motion.

In the event that the Court fails to finally approve this Agreement, the Agreement will be void and the Parties (a) may attempt to renegotiate the Settlement for the purpose of obtaining Court approval of a modified settlement and agreement and/or (b) any or all Parties may seek reconsideration or appellate review of the decision denying approval of the Agreement. In the event reconsideration and/or appellate review is denied, the

Parties are unable or choose not to negotiate a modification to the Settlement, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego further negotiation of a settlement, the Parties shall be restored to the positions they were in before entering into this Agreement, and nothing in this Agreement may be used against any party.

Other than payment of Court Costs pursuant to Section 1(ii) above, each party shall bear their own costs relative to this Agreement, including paying their own respective attorney's fees.

3. **<u>Release of Claims</u>.** As partial consideration for entering into the Agreement and the promises contained herein, the Parties, including their respective agents, successors, heirs, and assigns, hereby forever waive, release, remise, acquit and discharge each other and Ram Jack's respective members, owners, officers, directors, agents, employees, past and present attorneys, affiliated corporations or companies, parent corporation or subsidiaries, predecessor corporations or companies, their servants, associates, insurers, partners (general and limited), representatives, administrators, trustees, successors, assigns, heirs, and shareholders from and against any and all claims, causes of action, demands, actions, damages, liabilities, liens, and claims for relief, including claims related to non-payment of wages pursuant to the Fair Labor Standards Act and/or the Ohio Minimum Fair Wage Standards Act, which they had, have, or may have against them, or any of them, from the beginning of time until the date hereof including attorneys' fees, costs, expenses and damages of any kind or description whatsoever, whether arising out of contract, tort, statute, regulation, rule, ordinance or otherwise, in law or in equity, known or unknown, of whatsoever kind or

3

nature, whether in law or in equity which the Parties had, have, or may have from the beginning of time to the date of this Agreement, against the other.

4. **No Admission of Liability.** The Parties represent and warrant to each other that they specifically understand and agree that their settlement of the claims herein is in compromise of all of the claims that are the subject of this Agreement, that the Parties have compromised the claims to avoid the future cost of litigating this matter, that nothing contained in or related to this Agreement is to be construed as an admission on the part of any party as to liability or any of the facts or issues contested between the Parties, and that nothing in, referred to, or related to this Agreement is to be admissible at any proceedings except those necessary to enforce this Agreement. Neither this Agreement, nor the fact of the settlement described in it shall constitute a precedent for the resolution of any other claim, dispute, or lawsuit. In addition, the Parties represent and warrant to each other that there are no covenants, promises, undertakings or understandings between the Parties outside of this Agreement, except as specifically set forth herein.

5. **Compliance with Fair Labor Standards and Ohio Minimum Fair Wage Standards**. This compromise settlement shall not be construed as an admission of liability by Ram Jack. Ram Jack expressly denies any of its policies, procedures, or actions violate (or have violated) any federal, state, or local laws or regulations. Notwithstanding this express denial of liability, Ram Jack shall ensure future compliance with federal, state, and/or local Fair Labor Standards acts.

6. **Representations and Voluntary Action.** The Parties represent, warrant and agree that they have thoroughly read and understood the terms of this Agreement, that they are executing this Agreement freely and voluntarily, upon their best judgment

and solely for the considerations described herein, and that all action necessary to execute this Agreement has been taken. By signing hereunder, the Parties acknowledge that they have read this Agreement and agree with its terms.

7. **Settlement Fair and Reasonable.** The Parties hereby represent and warrant that they believe the terms of this Settlement Agreement are fair and reasonable to the Parties, considering the risks of establishing liability and damages when such liability and damages are expressly disputed and denied by Ram Jack, the complexity, expense and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the ability of the defendants to withstand a greater judgment; the range of reasonableness of the settlement fund in light of the best possible recovery; and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

8. **No Assignment.** The Parties hereby represent and warrant that they have not assigned or transferred to any other person, firm or corporation any debt, claim, right, demand, obligation, cost, expense, cause of action, action or suit, in law or in equity, that any of them may have against the others, or the settlement that is the subject of this Agreement.

9. **Mutual Non-Disparagement**. The Parties agree not to defame, disparage, or demean each other, or any of their current of former employees, officers, directors, or agents in any manner whatsoever.

10. **Waiver of Re-Employment**. Carmichael agrees that he will not seek re-employment with Ram Jack or its affiliates or related entities in any capacity. If Carmichael does seek employment with Ram Jack or any related entity thereof, he agrees

that the consideration given herein and the facts surrounding his employment, this dispute and its settlement will be sufficient reasons to deny his application and to refuse to employ him. Further, Carmichael understands and agrees that his prior claims against Ram Jack and their underlying facts will not form the basis for any future claims, allegations or complaints, whether administrative or judicial, or any legal action or remedy whatsoever against Ram Jack. Should Ram Jack acquire, through merger, acquisition or any other means, a business that Carmichael is employed with, Carmichael is not required to resign nor will Carmichael be terminated based on this provision.

11. **Applicable Law.** This Agreement, including the Release described in Section 2, shall be governed by the laws of the State of Ohio and shall inure to the benefit of and be binding upon each of the Parties and each of their former and present directors, officers, subsidiaries, affiliates, agents, employees, successors, assigns, heirs, beneficiaries and personal representatives.

12. **Authorized Signatories.** The Parties hereby represent and declare that the persons signing this Agreement on their behalf are duly authorized to do so and to bind them with respect to all covenants, representations, agreements, releases and declarations contained in this Agreement.

13. **Multiple Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement. This Agreement may be executed via electronic signature.

14. **Construction.** This Agreement shall not be construed more strictly against one party than against the others by virtue of the fact that this Agreement may have been drafted or prepared by counsel for one of the parties, it being recognized that all Parties

to this Agreement have contributed substantially and materially to the preparation of this Agreement.

15. **Further Assurances**. The Parties mutually agree to execute, acknowledge and deliver any and all such other agreements, documents and instruments, and to perform any and all such acts and things as may be reasonably necessary and proper to consummate the transactions contemplated by this Agreement.

16. **Attorneys' Fees and Costs**. In the event of any breach of this Agreement, the non-breaching party shall be entitled to recover any and all damages, expenses, attorney's fees and costs incurred in enforcing this Agreement, defending this Agreement or collecting any amounts due and owing under this Agreement.

In the event Ram Jack fails to timely make any payment provided for in Paragraph 1, Carmichael shall provide written notice to Ram Jack (including via email to counsel to Ram Jack), and Ram Jack shall have five business days to cure that failure (the "Cure Period"). In the event a material breach still exists after the Cure Period has expired, all remaining monies owed under Paragraph 1 shall be due immediately to Carmichael, in addition to the damages, expenses, fees and costs provided above.

17. **Captions**. The titles or captions of the paragraphs or sections contained in this Agreement are inserted only as a matter of convenience and for reference, and in no way define, extend or describe the scope of this Agreement or the intent or meaning of any provision here.

18. **Entire Agreement**. The Parties hereto acknowledge and agree that this Agreement represents the full and complete agreement of the Parties, that the terms of this Agreement are contractual, and not a mere recital, that this Agreement supersedes

and replaces any prior agreements, whether oral or written, and that any amendments or modifications of this Agreement must be in writing and executed by all parties to be effective.

    IN WITNESS WHEREOF, the parties have executed this Settlement Agreement and Release effective as set forth above.

| **GEORGE CARMICHAEL** | **RAM JACK OHIO, LLC** |
|---|---|
| _____ <br> George Carmichael, Individually | _____ <br> By: Richard "Skip" Follett <br> Its: President |
| | **RICHARD "SKIP" FOLLETT** |
| | _____ <br> Richard "Skip" Follett, Individually |

and replaces any prior agreements, whether oral or written, and that any amendments or modifications of this Agreement must be in writing and executed by all parties to be effective.

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement and Release effective as set forth above.

**GEORGE CARMICHAEL**

George Carmichael, Individually

**RAM JACK OHIO, LLC**

By: Richard "Skip" Follett
Its: President

**RICHARD "SKIP" FOLLETT**

Richard "Skip" Follett, Individually

8